NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA CALMO PABLO, AKA Yuridia Diaz Perez,<br><br>    Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 13-72909<br><br>Agency No. A200-566-208<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Martha Calmo Pablo, native and a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies regarding when Calmo suffered a miscarriage and whether she told her parents about a threatening phone call from her attacker. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Calmo's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, Calmo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Calmo's CAT claim also fails because it is based on the same evidence the agency found not credible, and Calmo does not point to any other evidence that compels the conclusion that it is more likely than not she would be tortured if returned to Guatemala. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**